FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 DEC 15 PM 5:09
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IVORY J. SMITH, JR. | CIVIL ACTION

VERSUS | NO. 05-2646

OFFICERS EMPLOYED AT NEW ORLEANS POLICE DEPARTMENT ET AL. | SECTION "C" (2)

**REPORT AND RECOMMENDATION**

At the time of filing this complaint, plaintiff, Ivory J. Smith, Jr., was a prisoner incarcerated in the Orleans Parish Prison ("OPP"). Since that time, OPP has been evacuated and closed due to Hurricane Katrina, and plaintiff has been transferred to the Dixon Correctional Institute in Jackson, Louisiana. Plaintiff filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against New Orleans Police Officers William Tokres (possibly Torres) and Armknd (possibly Armond) Clavo, alleging that he was subjected to excessive force when he was beaten during the course of his arrest on January 28, 2005. Record Doc. No. 1, Complaint at ¶¶ IV and V.



On October 18, 2005, I conducted a telephone conference in this matter. Participating were plaintiff pro se and Jim Mullaly, counsel for defendants. Plaintiff was sworn and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.

**THE RECORD**

Smith testified that he is currently incarcerated at Dixon, having plead guilty to a cocaine charge on June 8, 2005. He said he is serving a five-year prison sentence. Smith confirmed that his only claim in this case is that he was subjected to excessive force by defendants when he was beaten by New Orleans police officers during his arrest on January 28, 2005. He acknowledged that in that arrest he was charged with not only possession of cocaine, but battery of police officers and resisting arrest arising from the same incident.

Plaintiff testified that on the day of his arrest he was living near the corner of Orleans Avenue and Galvez Street in New Orleans. He said that while he was walking on the sidewalk on his way home at about 11:30 at night, police officers stopped him and asked him where he was going. He said he told the officers he was going home, but they told Smith he had to go with them. Smith testified that the police officers "jacked me," so he protested, telling the police officers, "Why you handling me like that? . . . I ain't done nothing. Then they started beatin' me, and they kept beatin' me and they continued

to beat me, and then they pulled an iron out and beat me. They beat me till I had brain damage."

Smith testified that the officers then searched him for an hour and a half, and he ultimately "copped out" to the cocaine charge because he had previous convictions, his daughter was scared, he was offered five years, "and I had no outside help." In his written submissions, Smith alleged that "I was arrested for possession of cocaine and battery and resistant (sic) arrest." Record Doc No. 1 (Attachment to ¶ IV of complaint). Asked about the status of all three charges, since his guilty plea to the cocaine charge was his only previous reference to them during his testimony, Smith said the judge presiding over his criminal case in state court "said 'not guilty' on the battery and guilty on resisting arrest." Smith complained about the advice he had received from his lawyer, but testified that he pled guilty to the cocaine charge, was found not guilty of battery of a police officer, and was found guilty by the judge of resisting arrest. Smith said he argued with the judge about the guilty finding and complained about his lawyer's performance. He could not say what sentence he received for resisting arrest and thought that the judge had only found him guilty but had not sentenced him for that offense separately from the cocaine charge.

Smith confirmed in his testimony that the police officers who beat him during the arrest were the defendants, William Tokres (possibly Torres) and Armknd (possibly

Armond) Clavo. He stated that before Hurricane Katrina he was working on some kind of appeal or other papers concerning his convictions, but stated that he has no appeal or other post-conviction proceedings currently pending.

Asked how long the alleged beating went on, Smith testified that it lasted "a good 45 minutes" during which the officers beat him with an "iron stick" in the back and below the waist. He alleged that the police waited for his injuries to "get well" before they sent him to state court on the charges and that at one of his state court hearings one of the officers had admitted striking him in the head, but the other officer denied it. Smith testified that the officers also hit him in the face. "I had two black eyes and my face was swollen . . . [O]n both sides of my forehead, I had staples in my skull. I was bleeding severely," he said.

Smith confirmed that he had received the medical records in response to my previous order, Record Doc. No. 6 and 16, but he had to leave them behind when he was evacuated from OPP after Hurricane Katrina. He stated that he had reviewed the medical records before he was evacuated and that they were accurate and reflected all the injuries he had suffered in the beating. Smith testified that due to the beating, his breathing has been affected and sometimes he has to stop and force himself to take a deep breath.

During the conference, defense counsel was requested to attempt to locate the state court records reflecting the status of plaintiff's criminal proceedings and convictions

arising from the incident. Smith again stated that he plead guilty to the cocaine charge, was found not guilty of battery of a police officer, and was convicted by the judge of resisting arrest. Asked if he in fact resisted arrest in some way, he said, "no way." He alleged that he was charged with resisting arrest only so that the officers could subsequently say they had every right to beat him.

After the conference, defense counsel complied with my order and submitted the letter and Orleans Parish Criminal District Court docket sheet, which I have filed in the record. Record Doc. No. 19. The docket sheet for Orleans Parish Criminal District Court Case No. 456762 confirms Smith's testimony that on June 20, 2005, he plead guilty as charged on the possession of crack count and was sentenced to five years in prison. Contrary to Smith's testimony, however, the docket sheet for Orleans Parish Criminal District Court Case No. 456794 indicates that on March 23, 2005, he was tried without a jury and found <u>not</u> guilty of flight from an officer but found <u>guilty</u> of battery of a police officer in violation of La. Rev. Stat. § 14:34.2, for which he was sentenced to 30 days in prison, the first 15 of which were without benefit of probation, parole or credit for time served.

The medical records are consistent with Smith's testimony that he was struck in the face and head. They include "Inmate Progress Notes" from Charity Hospital dated January 27, 2005, which indicate that Smith was brought to the hospital emergency room

by police officers on that date. The notes indicate "scalp swelling - 4 fractures" and "staples to occipital laceration." On "Radiology Reports" dated January 29, 2005, findings concerning examination of Smith's cervical spine indicate no fractures or dislocation of the cervical spine. Separate findings reflecting a CT scan of the brain state in relevant part: "Large left parietal temporal scalp soft tissue contusion noted . . . multiple soft defects in the left parietal soft tissues consistent with laceration. There is also soft tissue swelling seen in the left frontal region which extends to the preseptal region. Fluid and opacification is noted of the right maxillary sinus." Comments on page 2 of an Orleans Parish Criminal Sheriff's Office Medical Intake Screening form dated January 30, 2005 note bruises, hematomas and swelling on Smith's face, sutures in his left forehead and staples to his left occipital area. An Orleans Parish Criminal Sheriff's Office Initial Examination Health Assessment form dated January 30, 2005, notes multiple facial and head lacerations but also describes plaintiff as "uncooperative, intoxicated." "Physician's Notes" dated January 31, 2005 reported x-rays taken at Charity Hospital showing no fractures. The records also indicate that Smith complained of "spitting up blood" on February 6, 2005, but subsequent observation indicated no sign of bleeding. Record Doc. No. 16.

## ANALYSIS

I. STANDARDS OF REVIEW

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The purpose of a Spears hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims. Spears, 766 F.2d at 180. "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). Wilson v. Barrientos, 926 F.2d 480, 481 (5th Cir.

1991); Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990). "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists." Spears, 766 F.2d at 182.

The court may make only limited credibility determinations in a Spears hearing, Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997) (citing Cay v. Estelle, 789 F.2d 318, 326-27 (5th Cir. 1986), overruled on other grounds by Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728 (1992)), and may consider and rely upon documents as additional evidence, as long as they are properly identified, authentic and reliable. "The Court should allow proper cross-examination and should require that the parties properly identify and authenticate documents. A defendant may not use medical records to refute a plaintiff's testimony at a Spears hearing." Id. (citing Wilson, 926 F.2d at 482-83; Williams v. Luna, 909 F.2d 121, 124 (5th Cir. 1990)).

After a Spears hearing, the complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992), or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible." Id. at 270.

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest

which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint may be dismissed either under 28 U.S.C. § 1915(e), either as legally frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) in light of his testimony explaining the factual basis of his claims. Plaintiff's complaint, as amended by his testimony at the Spears hearing, fails to state a claim under the broadest reading[1] because it is barred from further proceedings by binding United States Supreme Court and Fifth Circuit precedent.

## II. HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS FOR EXCESSIVE FORCE

Smith testified that he was found not guilty of battery of a police officer and guilty of resisting arrest, two of the three criminal charges arising from the very same incident on which he bases his civil claims in this case. The state court docket sheets from

[1]Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

Smith's criminal cases differ from his testimony in that they indicate he was found not guilty of flight from an officer but guilty of battery of a police officer. In any event, it is clear that he was convicted of one of these offenses, either battery of a police officer or resisting arrest. In either case, Smith's claim under Section 1983 for use of excessive force during his arrest must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994), and the decisions of the United States Court of Appeal for the Fifth Circuit applying it to situations like this one.

In Heck, the Supreme Court held that a civil action for alleged civil rights violations that undermines the validity of a state conviction, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

> dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).

Smith's excessive force claim is directly connected to the legality of his conviction, either for resisting arrest as he testified or for battery of a police officer as the state court docket sheet reflects, and must be dismissed under the facts alleged by Smith in this case. Although there is a conflict between Smith's testimony and the state court record about the specific offense for which he was convicted, the only material fact is that he was in fact convicted, either of resisting arrest or of battery on the police officers. Thus, it is implicit in plaintiff's conviction that he either resisted arrest or committed battery against police officers. That fact is established by plaintiff's conviction and cannot be disputed in this civil action in this court under Heck. Although Smith denies that he resisted the officers in any way, the only proper place for Smith to have challenged the facts concerning his conviction was in the state court and during his criminal proceedings. Because Smith's conviction still stands and has not been set aside in any of the ways set out in Heck, plaintiff's excessive force claim is effectively barred by Heck.

In a case presenting a claim similar to the one asserted by Smith in this case, the Fifth Circuit held that

> an excessive force claim under section 1983 is barred [by Heck] as a matter of law if brought by an individual convicted of aggravated assault related to the same events. In the case at bar, the jury found Hainze guilty of aggravated assault with a deadly weapon. Thus, as in Sappington [v. Bartee], the force used by the deputies to restrain Hainze, up to and including deadly force, cannot be deemed excessive.

Hainze v. Richards, 207 F.3d 795, 798-99 (5th Cir. 2000) (citing Sappington v. Bartee, 195 F.3d 234, 237 (5th Cir. 1999)) (emphasis added).

Similarly, in Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996), the court found:

> Hudson was arrested and convicted of battery of an officer. In Louisiana, self-defense is a justification defense to the crime of battery of an officer. To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. Because self-defense is a justification defense to the crime of battery of an officer, Hudson's claim that [the] Officers . . . used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction.

Id. at 873 (citations omitted) (emphasis added).

The instant case is similar to these Fifth Circuit cases. By virtue of his conviction, it is undisputed that Smith either resisted arrest or committed battery on police officers. In either event, under the Fifth Circuit rulings cited above, Smith's claim that the officers

used excessive force necessarily implies the invalidity of plaintiff's conviction for his own use of force and is barred by Heck.

Plaintiff's claims are clearly connected to the validity of his conviction. Heck, 512 U.S. at 479; Arnold v. Town of Slaughter, No. 03-30941, 2004 WL 1336637, at *3-4 (5th Cir. June 14, 2004); Hainze, 207 F.3d at 799; Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). However, his conviction has not been set aside in any of the ways described in Heck. Thus, any claim of excessive force in violation of Section 1983 is premature and must be dismissed, until such time, if ever, that his criminal conviction for resisting arrest or battery of police officers is set aside. As the Fifth Circuit has noted, the dismissal of this claim is with prejudice to being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2), or under Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 15th day of December, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE